JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CEJA,<br><br>              Plaintiff,<br><br>     v.<br><br>CHAMPION HOME BUILDERS, INC., *et al.*,<br><br>              Defendants. | Case No. 5:23-cv-02223-FLA (DTBx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. 25]** |

# RULING

Before the court is Defendant Champion Home Builders, Inc.'s ("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (the "Motion"). Dkts. 25, 25-1 ("Mot. Br.").[1] Plaintiff Jose Ceja ("Plaintiff") opposes the Motion. Dkt. 26 ("Opp'n"). On December 9, 2024, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for December 13, 2024. Dkt. 28; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated below, the court GRANTS Defendant's Motion and DISMISSES Plaintiff's individual claims with prejudice and Plaintiff's putative class claims without prejudice. Defendant's objection (Dkt. 30) to Plaintiff's Declaration (Dkt. 29) is OVERRULED as moot.

# BACKGROUND

On October 27, 2023, Plaintiff brought this putative class action, alleging "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees." Dkt. 1-1 at 5–28 (Compl.) ¶ 18. According to Plaintiff, "[Defendant] requir[ed] Plaintiff and the class members to work off-the-clock without compensation, fail[ed] to properly pay overtime wages and minimum wages for all hours worked, fail[ed] to provide all meal and rest breaks to which they were entitled[,] and fail[ed] to reimburse necessary business-related expenses…." *Id.*

On October 2, 2024, Plaintiff filed an *ex parte* application (the "Application"), requesting the court dismiss the action without prejudice pursuant to Fed. R. Civ. P. ("Rules") 23(e) and 41(a)(2). Dkt. 21. In the Application, Plaintiff stated he "only recently concluded that his preferred course of action was to dismiss this case … based on discovery just received from Defendant and due to a breakdown of attorney-client communications," *id.* at 2, 4, and argued dismissal without prejudice was

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

necessary "to preserve the rights of all putative class members," *id.* at 6.  Defendant opposed the Application, arguing Plaintiff did not establish good cause for *ex parte* relief—especially given that Plaintiff filed the Application at the start of the Jewish holiday of Rosh Hashanah.  Dkt. 22.  On October 21, 2024, the court denied the Application for failure to establish the need for *ex parte* relief, and ordered Plaintiff to show cause why the court should not award Defendant the attorney's fees and costs it incurred in opposing the Application.  Dkt. 23 at 3–4.

On November 15, 2024, Defendant filed the subject Motion, requesting dismissal of the action with prejudice, pursuant to Rule 41(b).  Mot. Br. at 4.  Plaintiff opposes the Motion and renews his request to dismiss the action without prejudice.  Opp'n at 5.

## **DISCUSSION**

### **I.      Legal Standard**

Rule 41(b) states in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Courts must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) (quoting *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)).

"When considering prejudice to the defendant, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant." *In re Eisen*, 31 F.3d at 1452 (citation omitted). "The law presumes injury from unreasonable delay." *Id.* "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court

3

exercised sound discretion." *Id.* at 1452–53.

Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up). "Although beneficial to the reviewing court, a district court is not required to make specific findings on each of the essential factors." *In re Eisen*, 31 F.3d at 1451.

**I. Analysis**

As both Plaintiff and Defendant agree the action should be dismissed under Rule 41 (Mot. Br. at 4; Opp'n at 5), the only question remaining is whether the dismissal should be with or without prejudice. The five *Eisen* factors guide the court's analysis with respect to Plaintiff's individual claims. As Plaintiff did not file a motion for class certification and the court has not certified a class or appointed Plaintiff's counsel as class counsel, the court dismisses Plaintiff's putative class claims without prejudice.

The first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—strongly weigh in favor of dismissing Plaintiff's individual claims with prejudice. The Initial Standing Order, which the court issued on October 31, 2023, states in relevant part: "Unless there is a likelihood that, upon by motion by a party, the court would order that discovery be stayed, the parties should begin to propound discovery before the Scheduling Conference." Dkt. 8 at 4.

It is undisputed Plaintiff did not propound discovery until September 6, 2024. Opp'n at 7.[2] Defendant served its responses on or around September 23, 2024, and

---

[2] Plaintiff claims he "sent his informal discovery requests to Defendant on May 2, 2024, requesting a deadline of August 21, 2024…." *See* Dkt. 2-1 at 2-3. Plaintiff does not offer any reasonable explanation for why he delayed propounding discovery for over 10 months after the court issued the Initial Standing Order, or why he did not insist "informal" discovery be produced well before the August 16, 2024 class

4

made its Person Most Knowledgeable available for deposition on September 24, 2024. *Id.* at 7–8. According to Plaintiff, "[t]he testimony made it clear that a change in the case's scope was warranted, which would require the filing of a new action with a differently defined proposed class in a different jurisdiction." *Id.* at 8. Despite the court's denial of the Application, Plaintiff subsequently failed to respond to Defendant's discovery requests and refused to appear for his noticed deposition. Dkt. 25-2 (Chemers Decl.) ¶¶ 5–8.

Plaintiff also failed to file a motion for class certification by August 16, 2024, as required under the Initial Scheduling Order (Dkt. 15 at 3), with no explanation beyond that he had missed the deadline due to an "oversight" while preparing for mediation. *See* Dkt. 19 at 2–3. In reality, the parties had agreed four months prior, on April 16, 2024, to move forward with mediation, which they scheduled for October 2, 2024, the mediator's first available date. *See* Dkt. 24-1 at 2. Even though the parties asked the court to continue the class certification motion cutoff on August 28, 2024 (Dkt. 19), twelve days after the motion cutoff had expired, the court exercised its discretion and continued the filing deadline to October 4, 2024. Dkt. 20 at 2. Plaintiff thereafter elected to file the Application, instead of a class certification motion, stating he was not prepared to move for class certification and requesting dismissal of the action. *See* Dkt. 21. Despite the court's subsequent denial of the Application for failure to establish the need for *ex parte* relief, Plaintiff did not file a noticed motion for dismissal or a motion for class certification. Plaintiff has also allowed other key

---

certification motion deadline. Although Plaintiff argues "the Riverside Superior Court stayed all 'formal discovery concerning class-certification issues'" before the action was removed to this court, *id.* at 6, Plaintiff does not offer any explanation for why he believed the state court's order and stay continued to apply after the action was removed to federal court and this court issued its own Orders instructing the parties to proceed with discovery promptly. *See* Dkt. 8 at 4; Dkt. 9 at 2. The parties did not seek, and this court did not grant, a stay of discovery here. Plaintiff's argument is frivolous and lacks merit.

5

1  deadlines to pass without seeking an extension from the court, including the fact and
2  expert discovery cut-off dates and the last date to hear motions. *See* Dkt. 15 at 3.

3        Plaintiff does not offer any reasonable explanation for his failure to prosecute
4  the action diligently and abandonment of this action after the court denied the
5  Application.[3] Accordingly, the first and second *Eisen* factors weigh strongly in favor
6  of dismissing Plaintiff's individual claims with prejudice.

7        The third factor—prejudice to Defendant—also weighs strongly in favor of
8  dismissing Plaintiff's individual claims with prejudice. A rebuttable presumption of
9  prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an
10 action. *In re Eisen*, 31 F.3d at 1452–53. Plaintiff contends he attempted to avoid any
11 potential prejudice to Defendant by seeking a voluntary dismissal without prejudice.
12 Opp'n at 15. The court disagrees.

13       Defendant has already incurred significant attorney's fees and costs in
14 responding to Plaintiff's discovery requests and making its Person Most
15 Knowledgeable available for deposition, while Plaintiff has refused to do the same.
16 Dkt. 25-2 (Chemers Decl.) ¶ 9. Plaintiff's willingness to dismiss the action without
17 prejudice instead of continuing to prosecute the action—after Defendant responded to
18 Plaintiff's discovery requests but before Plaintiff did the same—is insufficient to rebut
19 the presumption of prejudice due to delay. *See In re Eisen*, 31 F.3d at 1452. Thus,
20 this factor strongly favors dismissing Plaintiff's individual claims with prejudice. *See*
21 *McBounds v. Clays*, Case No. 2:19-cv-02208-KJM-KJN (PC), 2023 WL 7627503, at
22 *3 (E.D. Cal. Nov. 14, 2023) (finding failure to respond to discovery requests

---

[3] On December 16, 2024, Plaintiff filed a declaration stating he "still wish[es] to dismiss this Action without prejudice and only litigate [his] Private Attorneys General Act … action against Defendant Champion Home Builders, Inc., in the Superior Court of Riverside County, Case No. CVRI2306438." Dkt. 29 (Ceja Decl.) ¶ 4. Plaintiff's desire to litigate this action in another court, alone, is insufficient to justify his failure to prosecute this action diligently after the court denied the Application and abandonment of the action.

6

prejudices defendants and weighs in favor of dismissal with prejudice); *Interlabservice, OOO v. Illumina, Inc.*, Case No. 3:15-cv-02171-KSC, 2017 WL 4335030, at *7 (S.D. Cal. Sept. 26, 2017) ("Actual prejudice can, of course, be shown by a party's failure or refusal to appear for depositions.").

The fourth factor, the public policy in favor of deciding cases on the merits, weighs against dismissal with prejudice ordinarily. However, it is Plaintiff's responsibility to move the litigation he instigated towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been (1) instructed on his responsibilities, (2) granted sufficient time in which to discharge them, and (3) warned of the consequences of failing to do so. Although the public policy favors Plaintiff, it does not outweigh Plaintiff's failure to litigate the action diligently and weighs, at most, only slightly against dismissing Plaintiff's individual claims with prejudice.

The fifth factor, the availability of less drastic sanctions, similarly weighs only slightly against dismissing Plaintiff's individual claims with prejudice, in light of Plaintiff's failure to prosecute the action diligently and abandonment of his claims. *See In re Eisen*, 31 F.3d at 1456.

In sum, the court finds the *Eisen* factors favor dismissal of Plaintiff's individual claims with prejudice, due to Plaintiff's failure to prosecute the action diligently and the prejudice to Defendant.

/ / /

/ / /

/ / /

**CONCLUSION**

For the reasons stated, the court GRANTS the Motion in part and DISMISSES Plaintiff's individual claims with prejudice. As Plaintiff did not file a motion for class certification and the court has not certified a class or appointed Plaintiff's counsel as class counsel, the court DISMISSES Plaintiff's putative class claims without prejudice.[4] Defendant's objection (Dkt. 30) to Plaintiff's Declaration (Dkt. 29) is OVERRULED as moot.

IT IS SO ORDERED.

Dated: July 7, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[4] Defendant contends Plaintiff's counsel has filed a copycat action in Yolo County Superior Court, styled *Brandon Corona v. Champion Home Builders, Inc.*, Case No. CV2024-2991 (the "*Corona* action"), involving "the exact same claims, premised on identical factual and legal theories, as in Plaintiff's Complaint." Reply at 9 (emphasis omitted). Defendant does not cite any legal authority to support its assertion that a plaintiff's counsel can or should be precluded from asserting the same class claims on behalf of a different individual plaintiff. Even if Plaintiff's counsel had violated the terms of the Protective Order, as Defendant contends, *see* Reply at 11–12, that would not constitute grounds for this court to issue orders regarding the *Corona* action. The court declines to consider whether other sanctions are warranted against Plaintiff's counsel for their violation of the Protective Order, as that issue is not properly before the court on the subject Motion.